WO                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Humphreys & Partners Architects LP, | No. CV-14-01514-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Atlantic Development & Investments Incorporated, *et al.*, | |
| Defendants. | |

At issue are Plaintiff Humphreys & Partners Architects, LP's (HPA) Amended Motion for Partial Summary Judgment (Doc. 113, MSJ), to which Defendants filed a Response (Doc. 126, Resp. to MSJ) and HPA filed a Reply (Doc. 128, Reply to MSJ); and HPA's Motion to Strike (Doc. 127, MTS), to which Defendants filed a Response (Doc. 129, Resp. to MTS) and HPA filed a Reply (Doc. 130, Reply to MTS). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

## I.    BACKGROUND

Defendants, including Atlantic Development and Investments, Inc. (ADI)—a Connecticut corporation that conducts business in Arizona—and Auburn Ventures, LP (AV)—a Colorado limited partnership that conducts business in Arizona—sought to develop a plot of land in Castle Rock, Colorado into a senior living center.[1] In November 2011, Defendants employed architect Paul Hendricks Masse and his firm, PHM Ltd., to

---

[1] The Amended Complaint, the operative pleading, lists 13 Defendants, including ten entities and three individuals. (Doc. 68, FAC.) All 13 Defendants filed a joint Response to the HPA's Motion for Summary Judgment. (Doc. 124.)

complete schematic design plans (the "Masse Plans") and Jones Engineering Associates to complete earthwork grading plans (the "Jones Plans"). Once these initial plans were complete, Defendants sought further architectural planning services from Plaintiff HPA—a Texas firm that conducts business in Texas. On April 25, 2012, Defendants accepted a proposal by HPA ("Proposal Agreement") to provide renderings and plans that included elevations and other information necessary to proceed with development at Castle Rock. The Proposal Agreement provided as follows:

> All documents furnished by HPA pursuant to this Agreement shall remain the property of HPA and may not be used by the Owner for another project without HPA's prior written consent. Payment for design services does not allow use of the design for construction documents by others without written approval from HPA. There is no implied license granted in this Agreement.

(Doc. 65-4, HPA's Statement of Facts in Supp. of Its MSJ (PSOF), Ex. F, Proposal Agreement.) Defendants agreed to pay HPA $30,000 in compensation and gave HPA portions of the Masse and Jones Plans from which to conduct its work.

After HPA concluded the work described in the Proposal Agreement, Defendants and HPA negotiated from June to August 2012 as to whether HPA would provide more comprehensive architectural services to Defendants. Defendants ultimately decided to retain another architect—Defendants Patrick William Nook and PWN Architects and Planners, Inc.—and informed HPA that its work on the project was totally concluded on or about August 7, 2012.

Thereafter, Defendants gave the renderings and plans completed by HPA to PWN Architects for the further design and construction process at Castle Rock. HPA claims Defendants' use of the renderings and plans violated HPA's copyright in the materials, and, on July 7, 2014, HPA brought the present suit, raising a single claim of copyright infringement under 17 U.S.C. §§ 502-504 against seven Defendants. (Doc. 1, Compl.; FAC ¶¶ 48-55.) HPA now moves for partial summary judgment, asking the Court to rule that no dispute of material fact remains that HPA owns valid copyrights in the three

documents it prepared for Defendants, including that HPA meets the copyright requirements of authorship, originality and creativity. (MSJ at 4-12.)

This case already has an extensive procedural history. The seven original Defendants filed an Answer to the Complaint on October 14, 2014, which included a single Count Counterclaim. (Doc. 30.) On November 3, 2014, HPA filed a Motion to Strike the Counterclaim (Doc. 36), which the Court denied on January 22, 2015 (Doc. 48). HPA filed an Answer to the one-Count Counterclaim on February 2, 2015. (Doc. 54.)

The Court held a Rule 16 Scheduling Conference (Doc. 45) and entered a Scheduling Order on December 9, 2014 (Doc. 46). The original fact discovery deadline was June 30, 2015, the expert discovery deadline was October 23, 2015, and the dispositive motion deadline was December 4, 2015. (Doc. 46.) "Early discovery" was to focus on HPA's vicarious liability or contributory infringement claim and whether HPA holds a valid copyright to its work. (Doc. 46.) On February 17, 2015, pursuant to the parties' request, the Court extended the fact discovery deadline to August 17, 2015, and the expert discovery deadline to December 4, 2015. (Doc. 60.)

On February 27, 2015, HPA filed a Motion to Amend the Complaint to add six new Defendants, and Defendants did not oppose the Motion. (Docs. 62, 66.) On March 25, 2015, the Court granted the Motion to Amend and HPA filed the Amended Complaint. (Docs. 66, 68.) The same day, HPA also filed a Motion for Partial Summary Judgment that was essentially identical to the one presently before the Court. (Docs. 63-65.)

On April 27, 2015, the original seven Defendants filed an Answer to the Amended Complaint, which again included a single Counterclaim. (Doc. 82.) Considering the addition of six new Defendants, the parties jointly requested another Rule 16 Scheduling Conference, which the Court held on May 6, 2015. (Docs. 81, 83, 85.) At the Conference and on the parties' request, the Court terminated all pending case deadlines, denied the

pending Motion for Partial Summary Judgment with leave to re-file, and reserved setting a new case schedule pending the filing of Answers by the six new Defendants. (Doc. 85.)

Four of the six new Defendants filed an Answer on May 26, 2015 (Doc. 97), and a fifth new Defendant filed an Answer on June 22, 2015 (Doc. 101). As for the sixth new Defendant, it joined the other 12 Defendants in filing an Amended Answer and Counterclaim to the Amended Complaint on July 7, 2015, which included an 11-Count Counterclaim against HPA.[2] (Doc. 106.) Defendants' new claims against HPA are based on certain Defendants' assertion of their own copyright as well as HPA's alleged violations of the Proposal Agreement.

Defendants then indicated they intended to amend their Amended Answer and Counterclaim once again, to try to avoid HPA's filing of Rule 12(b) Motions to Dismiss the Counterclaim, and the Court granted Defendants leave to amend. (Docs. 107, 108.) While Defendants did file a "Revised First Amended Combined Answer to First Amended Complaint" and Counterclaim on August 24, 2015 (Doc. 110), HPA nonetheless filed two Rule 12(b) Motions to Dismiss the Counterclaim on September 3, 2015 (Docs. 111, 112). The next day, HPA re-filed its Motion for Partial Summary Judgment—the Motion presently before the Court. (Doc. 113.) After Defendants timely filed a Response and then amended it a week later, HPA filed a Motion to Strike the amended Response on November 4, 2015, which is also presently before the Court. (Docs. 124, 126, 127.)

The Court resolved HPA's two Rule 12(b) Motions to Dismiss on April 15, 2016, dismissing Count One of the Counterclaim with prejudice. (Doc. 138.) Counts Two through Eleven of the Counterclaim remain pending. The operative pleadings in this

---

[2] Because the amendment-as-a-matter-of-course period under Federal Rule of Civil Procedure 15(a) had passed for 11 Defendants who had already filed an Answer and Counterclaim to the Amended Complaint (Docs. 82, 97), they violated Rule 15(b) by neither seeking leave to amend from the Court nor providing the Court with HPA's written consent for the amendment. They also violated Local Rule 15.1(a) by failing to provide the Court with a copy of the amended pleading indicating in what respects it differed from their previous Answer and Counterclaim. *See* LRCiv 15.1(a). HPA filed no objection to the amended pleading.

matter are currently Doc. 68, HPA's one-Count Amended Complaint, and Doc. 110, Defendants' eleven-Count Amended Counterclaim with the exception of Count One.

The result of the parties' extensive pleadings and motion practice is that, while almost two years have passed since HPA filed this case on July 7, 2014, no discovery or dispositive motion deadlines are currently set. The Court will set the remaining case schedule at the next Rule 16 Scheduling Conference on June 6, 2016. (Doc. 139.) Although discovery is presumably ongoing in this case, the Court will now turn to HPA's Motion for Partial Summary Judgment (Doc. 113) and related Motion to Strike Response (Doc. 127).

## II.     LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the court finds that the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the non-moving party must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

1    "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

**III.   ANALYSIS**

To establish copyright infringement, a party must show (1) ownership of a valid copyright, and (2) unauthorized copying by another party of the constituent original elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Registration is not required to possess a valid copyright, but it is a prerequisite to bringing a suit for copyright infringement. 17 U.S.C. § 102(a). A certificate of registration made within five years of the first publication of the work is *prima facie* evidence of a copyright's validity. 17 U.S.C. § 410(c).

HPA moves for summary judgment as to only the first element of its infringement claim, and specifically that it owns valid copyrights in the three works it prepared under the Proposal Agreement with Defendants: "Auburn Ridge 12208 Architectural Work" as documented under U.S. Copyright Office Certificate of Registration Number VAu 1-170-460 ("Architectural Work"); "Auburn Ridge 12208 Technical Drawing" as documented under Certificate of Registration Number VAu 1-170-461 ("Technical Drawing"); and "12208 Auburn Ridge Rendering" as documented under Certificate of Registration Number VAu 1-190-332 ("Rendering"). (MSJ at 3.)

**A.   Statutory Presumption**

HPA first argues that the registration of its works with the U.S. Copyright Office is *prima facie* evidence of the validity of its copyright in the works and Defendants have produced no reliable evidence to rebut the presumption of validity. (MSJ at 5-6 (citing 17 U.S.C. § 410(c)).) In response, Defendants contend that (1) HPA's work was not original and (2) HPA's Certificates of Registration are invalid because HPA failed to inform the

1 Copyright Office that its work was based on preexisting materials, as the Copyright Act
2 requires. (Resp. to MSJ at 3-5 (citing 17 U.S.C. § 409(9)).) In reply, HPA argues that its
3 work was sufficiently original and Defendants have waived their invalidity contention (1)
4 by failing to ask the Court to consult with the Register of Copyrights to determine
5 whether the alleged defect in HPA's copyright applications would have led to the denial
6 of copyright registrations, and (2) under the doctrine of primary jurisdiction, by failing to
7 pursue a remedy in the Copyright Office, the only agency with jurisdiction to invalidate a
8 copyright registration. (Reply to MSJ at 9-11.)

### 1. Rebuttal of the Statutory Presumption

In resolving a copyright infringement claim, the presumption of copyright validity created by a plaintiff's copyright registrations can be rebutted by the accused infringer's showing that plaintiff's work is not original. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488-89 (9th Cir. 2000). Where the accused infringer offers evidence that the plaintiff's product was copied from another work or other probative evidence as to originality, the burden of proving validity shifts back to the plaintiff. *Entm't Research Grp. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217-18 (9th Cir. 1997) (citing *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992)).

"Originality is the indispensable prerequisite for copyrightability. The originality requirement, however, does not mean that for valid copyright protection, the copyright must represent something entirely new under the sun." *North Coast*, 972 F.2d at 1033. Originality requires that a work "owes its origin" to the "author," whose contribution is "more than a trivial variation, something recognizably his own." *Id.* (quoting *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1163 n.5 (9th Cir. 1977)). However, to rebut the statutory presumption, an accused infringer must simply produce some probative evidence showing that plaintiff's work was not original but copied from other work. *Entm't Research*, 122 F.3d at 1218 (citing *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) (holding that the presumption of validity was

rebutted where 'one look' at the plaintiff's allegedly copyrightable figures revealed a complete absence of any originality)).

Here, Defendants have produced evidence that they provided the Masse and Jones Plans to HPA, who merely revised those Plans, and that HPA's work is substantially similar to the Masse and Jones Plans, the copyright for which Defendants hold.[3] (Resp. to MSJ at 6-10; Doc. 125, Defs.' Revised Statement of Facts (DSOF) at 20-21 ¶¶ 45-46.) While HPA disputes that Defendants gave HPA all of the Masse and Jones Plans (Reply to MSJ at 5-6) and does not admit that it used the Plans in completing its work (Reply to MSJ at 2), Defendants have produced sufficient evidence of a lack of originality to shift the burden of proving validity back to HPA.

## 2. Remedies in the U.S. Copyright Office

With regard to Defendants' assertion that HPA's copyright registrations are invalid because HPA failed to inform the Copyright Office that its work was based on other work—contained both in Defendants' Amended Answer and Counterclaim and in Defendants' Response (Docs. 110, 126)—HPA argues that Defendants must seek relief for such a claim from with the Register of Copyrights, via a request from the Court, or through the Copyright Office directly, in its primary jurisdiction over such a claim. (Reply to MSJ at 9-11.)

As HPA points out, 17 U.S.C. § 411(b)(1) provides that a Certificate of Registration that contains inaccurate information still complies with the Copyright Act

---

[3] The Court does not sustain any of HPA's evidentiary objections at this stage. With regard to HPA's objections to party Defendants' declarations made for the purpose of their Response (*e.g.*, Reply to MSJ at 6), Rule 56(c) explicitly permits a party to file such declarations in support of a motion for summary judgment or response thereto. With regard to HPA's objections related to Defendants' timeliness of production of documents (*e.g.*, Reply to MSJ at 6), discovery is still ongoing in this case, as the Court pointed out above. Indeed, HPA filed the present Motion for Partial Summary Judgment on September 3, 2015, a mere ten days after the newly named Defendants filed their combined Answer to the Amended Complaint—albeit a revision of their initial combined Answer filed six weeks before. (Docs. 106, 110, 113.) The newly named Defendants hardly had time to provide discovery to HPA, let alone supplement it, prior to the deadline for filing their Response to HPA's Motion for Partial Summary Judgment, and the Court will not penalize them by way HPA's procedural maneuver.

unless "(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." Pursuant to a 2008 amendment to the Copyright Act, if a party alleges inaccurate information, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2).

While this amendment to the Copyright Act states that a request from a court to the Register of Copyrights is triggered when inaccurate information in a copyright application is "alleged," the Register of Copyrights has stated, "[B]efore asking the Register of Copyrights whether she would have refused to register a copyright . . . a court should feel free to determine whether there is in fact a misstatement of fact." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) (citing Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) in *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 09-cv-23494, 2010 WL 3505100, at *3 n.4 (S.D. Fla. Sep. 3, 2010)). Indeed, the Seventh Circuit Court of Appeals has cautioned "both courts and litigants to be wary of using this device [in § 411(b)(2)] in the future" on account of the delay it may cause to the case. *Id.* That court advises district courts to first determine if a litigant has demonstrated the elements of § 411(b)(1), namely, "that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright office." *Id.*

Here, a genuine dispute exists as to whether HPA's work was derivative of the Masse and Jones Plans—including the extent to which HPA received copies of the Masse and Jones Plans—and thus the Court cannot determine if HPA's copyright application contained inaccurate information, let alone whether HPA knowingly included any inaccurate information. (*Compare* DSOF at 20-21 ¶¶ 45-46 *with* Docs. 65-5, 65-6, 65-7, PSOF Exs. G, H, I.) As a result, the question to the Register of Copyrights as to whether HPA's provision of the alleged inaccurate information would have affected its copyright

approval may not be ripe. But, as the Court already noted, Defendants have rebutted the presumption HPA's copyright registration provided by proffering evidence of a lack of originality. As a result, HPA's copyright registration is not dispositive of its ownership in a valid copyright; it must make a showing of authorship, creativity and originality. In other words, an inquiry into HPA's copyright registration is moot at this stage.[4]

Finally, HPA contends that the Court does not have jurisdiction to declare HPA's copyright *registrations* invalid. The Court agrees that, to the extent Defendants may be asking the Court to declare HPA's copyright registrations cancelled, the Register of Copyrights has primary jurisdiction to make such a declaration. *See Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 780-82 (9th Cir. 2002).

### B.     Copyright Validity

As an alternative to relying on the statutory presumption of copyright validity through registration, HPA argues that no genuine dispute of material fact as to the validity of its copyrights exists, entitling it to summary judgment as to the first element of its infringement claim. (MSJ at 6-11.) Specifically, HPA argues that (1) even if its works were derivative of the Masse and Jones Plans, Defendants provided the Plans to HPA and its works have the requisite originality, and (2) the Masse and Jones Plans, upon which Defendants contend HPA based its works, were uncopyrightable ideas. (MSJ at 6-11; Reply to MSJ at 4-9.) In response, Defendants contend that (1) HPA's works were simply revisions to Defendants' copyrighted works, and (2) to the extent HPA added new elements to the Masse and Jones Plans, they were either co-authored by Defendants or standard features not subject to copyright protection. (Resp. to MSJ at 6-15.)

---

[4] HPA also argues that Defendants have waived any challenge to the validity of its copyright registrations by failing to ask the Court to make the requisite request of the Register of Copyrights under § 411(b)(2) by now. This argument is similarly moot at this stage, but even if it were not, HPA provides no legal support for such a proposition. Indeed, in a case in which neither party raised § 411(b)(2), the Seventh Circuit Court of Appeals indicated the opposite to be true: "[I]gnoring a clear statutory directive due to the inadvertence of the parties would defeat the purpose of 17 U.S.C. § 411(b)(2) and deprive the Register of its right to weigh in on precisely this issue." *DeliverMed*, 734 F.3d at 624.

- 10 -

The resolution of these issues comes down to an examination of the originality of HPA's works, the "*sine qua non* of copyright." *See Feist Publ'ns*, 499 U.S. at 345. HPA essentially asks the Court to rely on the case law holding that just because a work is substantially similar to another work does not mean it is not original and that originality requires only slightly more than a trivial variation, but HPA does not point the Court to specific, undisputed examples of originality in its works. (*See, e.g.*, MSJ at 6-7; Reply to MSJ at 6-7, 9.) Apart from conclusory statements regarding the originality of its works, HPA attempts to demonstrate originality in its briefs by drawing a comparison between its unit plans and Defendants' Masse and Jones Plans, but this comparison lacks any citation to the record and is therefore abstract. (*See* Reply to MSJ at 9.)

Otherwise, HPA and Defendants produce controverting evidence of originality through, for example, testimony of an HPA architect that she "did not copy anything from any other source" when she created the HPA plans and drawings (PSOF Ex. H ¶ 5) and Defendants' expert's testimony regarding the identical nature of the copyrightable elements of the Masse and Jones Plans and HPA's plans and drawings (DSOF at 20-21 ¶¶ 45-46). On a motion for summary judgment, the Court may not weigh the controverting evidence and make a factual finding. *Anderson*, 477 U.S. at 255. Defendants have produced sufficient evidence to create a genuine dispute as to whether HPA's works contain the requisite originality for copyright protection, and the Court must therefore deny HPA's request for summary judgment as to that issue.

### C. Motion to Strike Response

After Defendants filed their Response to HPA's Motion for Summary Judgment, they filed an Amended Response a week later with the principal purposes of changing the numbering system of their exhibits and providing additional pin cites to the record. (Resp. to MSJ at 1 n.1.) HPA moved to strike the Amended Response as a tardy and impermissible second Response. (MTS at 1-2.) Because HPA was not prejudiced by Defendants' filing of the Amended Response and it served to facilitate both HPA's and the Court's use of the Response, the Court will deny HPA's Motion to Strike. However,

Defendants are warned that, in the future, they must seek leave of Court to make any amendment not as-of-right after a deadline.

IT IS THEREFORE ORDERED denying Plaintiff Humphreys & Partners Architects, LP's Amended Motion for Partial Summary Judgment (Doc. 113).

IT IS FURTHER ORDERED denying Plaintiff Humphreys & Partners Architects, LP's Motion to Strike (Doc. 127).

Dated this 27th day of April, 2016.

Honorable John J. Tuchi
United States District Judge